UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDUARDO SERRANO, | : | |
| Plaintiff, | : | Civ. No. 13-2898 (RBK) (KMW) |
| v. | : | **OPINION** |
| STATE OF NEW JERSEY, | : | |
| Defendant. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a state prisoner currently incarcerated at South Woods State Prison in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. Previously, this matter was administratively terminated as plaintiff's application to proceed *in forma pauperis* was incomplete. Subsequently, plaintiff filed a new application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with prejudice as it seeks monetary relief from a defendant who is immune from suit.

1

## II.     BACKGROUND

The allegations of the complaint shall be construed as true for purposes of screening the complaint. Plaintiff names the State of New Jersey as the sole defendant in this case. He claims that he was injured performing his prison job in March, 2012, when he was moving heavy pan lids from one area to another. He states that he injured his back and was not provided a back brace until after the injury. He claims that the State of New Jersey owes him monetary damages because he was not properly trained.

## III.     STANDARD OF REVIEW

A.  Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.     DISCUSSION

As previously stated, plaintiff seeks monetary relief from the State of New Jersey for the injuries he suffered due to a purported failure to properly train him in his prison job. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *see also Ali v. New Jersey Superior Court Bd. of Bar Examiners*, 494 F. App'x 262, 263 (3d Cir. 2012) (per curiam). "The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought." *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not abrogate New Jersey's Eleventh Amendment immunity. *See Alston v. Kean Univ.*, Nos. 13-2733, 13-3300, 2013 WL 6670997, at *2 (3d Cir. Dec. 19, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979)).

In this case, plaintiff asserts a claim for money damages against the State of New Jersey for its purported failure to train him with respect to his prison job. The State of New Jersey, however, is not subject to liability for money damages in this § 1983 case pursuant to the Eleventh Amendment. *See Alston*, 2013 WL 6670997, at *2. Therefore, plaintiff's complaint shall be dismissed with prejudice.

## V.     CONCLUSION

For the reasons set forth above, the complaint will be dismissed with prejudice as plaintiff seeks monetary relief from a defendant who is immune from such relief.  An appropriate order will be entered.


DATED:  January 24, 2014

                                                          s/Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge